[No. 1223.]

THE STATE OF NEVADA ex rel. W. H. DAVENPORT, ATTORNEY GENERAL, RELATOR, *v.* GEORGE HORTON ET AL., RESPONDENTS.

SCHOOL TRUSTEES—OATH OF OFFICE—WHO MAY ADMINISTER.—A judge of an election is not authorized to administer the oath of office to a school trustee under the statute. The only oath a judge is authorized to administer is the oath to a voter when challenged.

QUO WARRANTO—COLLATERAL QUESTIONS.—In proceedings to determine the right of persons to hold the office of school trustees: *Held*, that the question of the qualification of the superintendent of schools cannot be inquired into; that it was enough to show that he had been elected, entered upon, and exercised the duties of his office.

OFFICIAL OATH—INDORSEMENT OF ON CERTIFICATE.—An official oath attached to a certificate of appointment, or indorsed upon the face thereof, is as valid as if indorsed upon the back of the certificate.

APPLICATION for *quo warranto*.

The facts are stated in the opinion.

----

*W. H. Davenport,* Attorney General, and *R. M. Clarke* and *J. D. Torreyson,* for Relator:

*A. C. Ellis,* for Respondents:

By the Court, HAWLEY, J.:

This is a proceeding in the nature of a *quo warranto* to determine whether the respondents have wrongfully and unlawfully intruded themselves into and usurped the offices of school trustees of Empire school district, in Ormsby County. The material facts, as presented by the pleadings and proofs, are that the number of census children in Empire school district is less than four hundred; that at the general election in November, 1882, W. J. Smyth was elected school trustee in said district for the term of four years from and after January 1, 1883; that at the general election in 1884, J. P. Woodbury and John Christiansen were elected trustees, the former for a term of four years, and the latter for two years; that said parties qualified by taking the regular oath of office before an officer authorized to administer oaths, and that their oaths of office were indorsed upon their certificate of election; that on the second Saturday of May, A. D. 1885, at an election held pursuant to the provisions of the supplemental school act, approved March 12, 1885 (Stat. 1885, 111), the respondents, Horace A. Bowley, George Horton, and A. D. Smith, were elected school trustees in said district for the respective terms of one, two, and three years from the first day of September, A. D. 1885; that they received their certificates of election on the ninth day of May, and the oath of office was administered to them by one of the judges of the school election; that on the third day of September, 1885, S. H. Wright, county superintendent of schools in Ormsby County, believing that a vacancy existed, appointed J. P. Woodbury, W. J. Smyth, and John Christiansen school trustees of said school district; that on the fifth day of September, 1885, W. J. Smyth and John Christiansen signed and subscribed the official oath, and it was sworn to by them before a justice of the peace; that on the twelfth day of September, 1885, J. P. Woodbury qualified by taking the official oath before a notary public; that the respective oaths of office were attached to their certificates of appointment; that subsequently, on the twenty-first day of September, 1885, after the

information in this case had been filed with the clerk of this court, Horace A. Bowley and A. D. Smith went before a notary public and had the official oath administered to them and annexed to a paper containing what purported to be a copy of their certificates of election.

Counsel for the respective parties discussed the question of the construction and constitutionality of the supplemental school act; but it is unnecessary for us to consider either of these questions in deciding this case. The judges of the election had no authority to administer the official oath of office to the elected school trustees. The only oath which a judge of the election could administer is the one prescribed in the statute to a voter when challenged. (Stat. 1885, 113, sec. 9.) If the supplemental school act is unconstitutional, the respondents would have no right whatever to the offices of school trustees, and Woodbury, Smyth, and Christiansen would be entitled to the offices by virtue of their election and qualification under the old law. If the supplemental act is constitutional, respondents would not be benefited thereby, because they failed to qualify as required by law, and Woodbury, Smyth, and Christiansen would be entitled to the offices by virtue of their appointment.

The question whether S. H. Wright qualified as superintendent of schools according to the provisions of the statute cannot be inquired into in this proceeding. It was enough to show that he was elected and entered upon the duties of this office, and that he has ever since been exercising the duties thereof.

The objections made to the effect that the official oaths of Woodbury, Smyth, and Christiansen were attached to, instead of being indorsed upon, the back of their certificates of appointment, or indorsed on the face, instead of the back, of their certificates of election, are without merit. (*Brown* v. *Foster,* 2 Met. 155.[1])

The respondents having failed to show any legal right to the offices of school trustees, a judgment of ouster must be entered against them, with costs. It is so ordered.

LEONARD, J.: I concur in the judgment.

1　18 Am. Rep. 463.